FREDERICK HUMPHREYS, APPELLANT, *v.* FRANCIS W. HURTT, RESPONDENT.

*Written contract — action to reform — what must be shown to maintain such action.*

APPEAL from a judgment in favor of the defendant, entered upon the report of James W. Girard, Esq., sole referee.

The action was brought to reform and correct a written agreement, entered into between the plaintiff and the defendant, and for certain other relief incidental thereto.

The court, at General Term, said : " This case required and has received a very careful examination of extremely voluminous and

conflicting evidence. Our disposition of the case depends upon questions of fact. There can be no doubt that the learned referee made a proper application of the law to the facts as found by him, assuming them to be correct. It will be difficult to find in any of the books a summary of the law of such cases expressed with the same admirable clearness and brevity as that given in the opinion of the learned referee.

"He says : ' The following principles are to be gathered from the decisions of our tribunals as controlling such actions :

" ' First. That where parties have entered into a written contract it must be presumed in law to express their common intention, and to speak their actual agreement.

" ' Second. That if such contract is alleged not to express the real intent of the parties, and that fact is shown by sufficient evidence, a court of equity can correct the alleged mistake in favor of the party prejudiced.

" ' Third. That the proof required to correct such mistake must be clear and unequivocal.

" ' Fourth. That, as a general rule, the mistake which will afford ground for the reformation of an express contract must be of a mutual character. In other words, the mistake must be reciprocal and common to both parties.

" ' Fifth. That if one party, in the execution of a contract, has delivered or received papers in supposed furtherance of it, but with knowledge of a mistake made in his favor, which he conceals, then equity will give relief to the other party if the mistake is clearly shown, although it be not mutual. The case comes under the head of constructive fraud on the part of one party, and of a mistake or error on the part of the other. Under this class are more especially placed those cases where the party committing the fraud has himself so drawn, or caused to be drawn, the agreement as to mislead the other.

" ' Sixth. That if the mistake has not been mutual, but made inadvertently on one side, and yet in good faith by the other, if any amendment or reformation of the contract can, under any circumstances, be made, it cannot be made so as to make the agreement conform merely to the views of the party applying, but *only to the original views of both parties.* In this latter case

there may be a rescission on the ground that the parties' minds never met, but there can be no reformation or change of the contract, making it substantially a new one.' "

"This summary is sustained, not only by the best elementary writers, but also by the following among other numerous authorities. (*Moran* v. *McLarty*, 11 Hun, 66; affirmed, 75 N. Y., 25; *Jackson* v. *Andrews*, 59 N. Y., 244; *Bryce* v. *Lorillard Fire Ins. Co.*, 55 id., 240; *Welles* v. *Yates*, 44 id., 525; *Nevius* v. *Dunlap*, 33 id., 676; *Rider* v. *Powell*, 28 id., 310; *Bottsford* v. *McLean*, 45 Barb., 478; *Kent* v. *Manchester*, 29 id., 597; *Pennell* v. *Wilson*, 2 Abb. Pr. R. [N. S.], 466, 469; *Gillespie* v. *Moon*, 2 Johns. Ch., 585; *Lyman* v. *U. S. Ins. Co.*, 17 Johns., 373; *McHugh* v. *Imperial Fire Ins. Co.*, 48 How. Pr. R., 230; *Hearne* v. *Marine Ins. Co.*, 20 Wall., 488, 490; *Beaumont* v. *Bramley*, 1 Turn. & Russ., 41; *Humphreys* v. *Hurtt*, 5 N. Y. S. C. [T. & C.], 433; *Fowler* v. *Fowler*, 4 De Gex & Jones, 255; *Sells* v. *Sells*, 1 Drewry & Smale's, 42; Kerr on Fraud and Mistake, 396 *et seq.*; *Whittemore* v. *Farrington*, 76 N. Y., 452.)"

*A. J. Todd*, for the appellant. *Coles Morris* and *Michael H. Cardozo*, for the respondent.

Opinion by Davis., P. J.; Barrett, J., concurred.

Present — Davis, P. J., and Barrett, J.

Judgment affirmed, with costs.